```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JAMES GOOSLIN,**

      Movant

**v.**                                      **CIVIL ACTION NO. 2:08-0001**
                                                               (Criminal No. 2:05-00180)

**UNITED STATES OF AMERICA,**

      Respondent

<u>**MEMORANDUM OPINION AND ORDER**</u>

Following entry of the Judgment on June 19, 2009, movant filed on June 24, 2009, his letter-form motion requesting the court and the government to administer to him a polygraph examination.  Prior to a ruling on the motion, movant noticed an appeal of the Judgment on July 22, 2009.  On May 6, 2010, the court of appeals affirmed the Judgment.  The mandate issued June 28, 2010, revesting the court with subject matter jurisdiction to address the June 24, 2009, letter-form motion.

The movant requests that he be administered a polygraph examination in aid of his contention that a law enforcement officer involved in the search in this case did not display a warrant to movant.  To the extent the letter-form motion is not properly treated as a prohibited, successive section 2255 motion lacking the prior sanction of the court of appeals pursuant to 28

U.S.C. § 2244(b)(3)(A), it is meritless in substance. A polygraph examination would not be of any assistance to movant. As noted in the June 19, 2009, memorandum opinion and order accompanying the Judgment, counsel's decision not to pursue a motion to suppress does not amount to the ineffective assistance of counsel.[1]

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: July 23, 2010

John T. Copenhaver, Jr.
United States District Judge

---

[1] The court observed as follows regarding counsel's decision not to move to suppress:

> As to the first ground, namely, that movant's counsel failed to move to suppress seized evidence, the magistrate judge concluded, inter alia, that movant was not prejudiced by counsel's tactical decision. In his objections, movant appears to reargue the evidentiary record supporting his view of the merits of a motion to suppress. The objection does not meet, much less overcome, the magistrate judge's thorough analysis respecting why the failure to move for suppression did not contravene the deferential standard set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The court, accordingly, concludes that the objection is not meritorious.

(Memo. Op. at 4-5).